# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LISA J. WILSON,
　　　　　Appellant,

　　　v.

DEPARTMENT OF JUSTICE,
　　　　　Agency.

DOCKET NUMBER
CH-3443-15-0480-I-1

DATE: September 16, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lisa J. Wilson, McKees Rocks, Pennsylvania, pro se.

Jennifer Spangler, Esquire, Kansas City, Kansas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision insofar as it found that the appellant failed to establish jurisdiction under 5 C.F.R. part 300 regarding employment practices. We MODIFY the initial decision to explain why the appellant failed to establish jurisdiction under the suitability regulations, 5 C.F.R. part 731.

## BACKGROUND

¶2        The appellant challenged the agency's Bureau of Prison's decision to eliminate her from consideration for a Correctional Officer position for which she had applied. The appellant alleged that, during an interview for the position, the Human Resources (HR) Specialist conducting the interview asked her about past terminations or discipline, and she replied in the negative. Initial Appeal File (IAF), Tab 1 (item 5 continuation sheet). According to the appellant, the HR Specialist pointed to an answer on an employment form in which the appellant had said she had been "separated" from a job "due to lack of productivity, did not meet quota in month of employment." *Id.*; IAF, Tab 6 at 19. The appellant alleged that the HR Specialist subsequently terminated the interview, telling her, "you won't be able to get a security clearance based on the recent termination, this applies to everybody and we must treat everyone the same." IAF, Tab 1 (item 5 continuation sheet). The appellant stated that she had not understood her

separation to have been a termination, and that she had separated from the employer with "dignity and integrity." IAF, Tab 2 at 8, Tab 9 at 5-6.

¶3    Using the Board's electronic appeal form, the appellant stated that she was appealing a "Negative suitability determination." IAF, Tab 1 (item 1). In her acknowledgment order, the administrative judge notified the appellant that nonselections generally are not appealable to the Board, but informed her of three exceptions to that general rule, none of which related to suitability. IAF, Tab 3 at 3. The agency then filed a motion to dismiss, arguing that the appellant failed to make a case under the suitability regulations of 5 C.F.R. part 731. IAF, Tab 7. The administrative judge then issued an order to show cause directing the appellant to submit evidence and argument to show Board jurisdiction, in which she explained the elements for establishing jurisdiction under 5 C.F.R. part 300, subpart A, regarding employment practices. IAF, Tab 8. The order to show cause did not mention the requirements for establishing jurisdiction over a suitability appeal under 5 C.F.R. part 731. The appellant subsequently submitted numerous pleadings. IAF, Tabs 9-11, 13-18. Although the appellant, in some of her pleadings, argued for jurisdiction over her appeal as an employment practices appeal, all of the pleadings argued for jurisdiction as a suitability appeal. *Id.* In both its motion to dismiss and in its reply to the appellant's response to the order to show cause, the agency argued that the appellant failed to establish jurisdiction over her appeal under the suitability regulations because those regulations only apply when the agency has conducted a background investigation, and no such investigation had been conducted. IAF, Tab 7, Tab 12 at 5.

¶4    Much of the initial decision was primarily devoted to explaining why the appellant failed to establish jurisdiction over her nonselection as an employment practices appeal. IAF, Tab 21 at 3-5. The decision did, however, briefly address the appellant's suitability claim as follows:

> The appellant checked the box on her appeal form that she was appealing a negative suitability action, however, the appellant

has not provided any evidence that a suitability action was taken pursuant to 5 C.F.R. §§ 731.103(a), .205 (2015). Conclusory, vague, or unsupported allegations are insufficient to meet the non-frivolous allegation standard. *See Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed. Cir. 1995).

IAF, Tab 21, Initial Decision (ID) at 3.

¶5 An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue before an appeal can be dismissed for lack of jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Although the initial decision briefly addressed the appellant's contention that her case should be heard as a suitability appeal under 5 C.F.R. part 731, the administrative judge previously had not acknowledged the appellant's claim of jurisdiction as a suitability appeal. Nor did the administrative judge explain, in the initial decision or previously, what is required to establish an appealable issue in a suitability appeal. The Board therefore issued an order on July 6, 2016, which described the requirements for establishing jurisdiction over a suitability appeal and ordered the appellant to submit evidence and argument relating to her jurisdictional burden. Petition for Review (PFR) File, Tab 5. The parties responded to that order. PFR File, Tabs 6-7.

## ANALYSIS

¶6 Suitability is directed toward whether the character or conduct of an individual is such that her employment would adversely affect the integrity or the efficiency of the service. 5 C.F.R. § 731.101(a). The criteria for making suitability determinations are listed in 5 C.F.R. § 731.202. One factor in determining if a person is suitable for Federal employment is whether she has made a "[m]aterial, intentional false statement, or deception or fraud in examination or appointment." 5 C.F.R. § 731.202(b)(3). What is required to establish jurisdiction over a suitability appeal changed effective June 16, 2008, when the Office of Personnel Management (OPM) amended its regulations in

part 731. 73 Fed. Reg. 20,149 (2008). In decisions governed by the regulations in effect prior to that date, the Board found that appellants had made nonfrivolous allegations of jurisdiction where denials of applications may have been based on suitability factors, even in the absence of completed background investigations and/or formal suitability determinations. *See, e.g.*, *Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, ¶ 7 (2009), *modified by Scott v. Office of Personnel Management*, 116 M.S.P.R. 356 (2011), *modified*, 117 M.S.P.R. 467 (2012); *Edwards v. Department of Justice*, 86 M.S.P.R. 365, ¶¶ 5, 10-14 (2000); *Dillingham v. Department of Justice*, 73 M.S.P.R. 538, 541-43 (1997). Under the current regulations, however, only a "suitability action" taken by OPM or by an agency under delegated authority may be appealed to the Board. 5 C.F.R. § 731.501(a). A "suitability action" is defined as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and a debarment. 5 C.F.R § 731.203(a). Neither a "denial of appointment" nor a negative suitability determination is listed as an appealable action, and section 731.103(g) no longer provides that an applicant who is found unsuitable by an agency acting under delegated authority from OPM may appeal an adverse suitability decision to the Board. *Upshaw*, 111 M.S.P.R. 236, ¶¶ 7-8. The current regulations specify that a "non-selection, or cancellation of eligibility for a specific position . . . is *not* a suitability action even if it is based on reasons set forth in § 731.202." 5 C.F.R. § 731.203(b) (emphasis in original); *see Upshaw*, 111 M.S.P.R. 236, ¶ 8.

¶7     Thus, even if, as the appellant alleges, the agency eliminated her from consideration for a position for reasons set forth in section 731.202, and even if those reasons could be said to reflect negatively on her character or conduct such that her employment would adversely affect the integrity or the efficiency of the service, the agency did not thereby take a suitability action that is appealable to the Board.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                 _____
                                               Jennifer Everling
                                               Acting Clerk of the Board

Washington, D.C.